# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WENDELL S. SMITH, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>MICHAEL BOWERSOX and )<br>JEREMIAH W. NIXON,[1] )<br>)<br>Respondents. ) | Case number 4:04cv0205 TCM |

## MEMORANDUM AND ORDER

Wendell S. Smith ("Petitioner"), a Missouri prisoner serving an aggregate term of twenty years' imprisonment, petitions this Court[2] for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. For the reasons set forth below, his petition is denied.

## Background

Petitioner was indicted in September 2001 on one count of sexual intercourse with a child less than 14 years' old, two counts of deviate sexual intercourse with the same child, and one count of sexual conduct with that child. (Resp. Ex. A at 6-7.) The first three counts were felonies; the fourth was a misdemeanor. (Id.) Nine months later, he signed a written "Stipulation and Plea Agreement." (Id. at 8-11.) This agreement specifically provided for

---

[1]Because Petitioner is challenging a sentence to be served in the future, the Attorney General of Missouri, Jeremiah W. Nixon, is added as a proper party respondent. See Rule 2(b), Rules Governing Section 2254.

[2]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

a twenty-year sentence on each of the felony counts and a one-year sentence on the fourth count, each to be run concurrently to the other three. (Id. at 9.) The parties further agreed that the true and accurate facts were as follows:

> That between April 23, 2001, and June 21, 2001, in the City of St. Louis, State of Missouri, the defendant had sexual intercourse with [T.W.], put his mouth on her breasts, put his finger in her vagina and put his penis in her mouth, at a time when she was less than fourteen (14) years old.

(Id.) The agreement also listed the rights Petitioner was waiving by pleading guilty and stated that his attorney had explained these rights to him, he understood his rights and the consequences of pleading guilty, and he was satisfied with his counsel's representation. (Id. at 10.) No promises or inducements not included in the agreement had been made relating to the plea, nor had any threats been made or coercion applied. (Id.)

The same day this agreement was signed, Petitioner appeared, with counsel, before the trial court. (Id. at 12-19.) Again, Petitioner expressed satisfaction with his counsel's representation, acknowledged he understood the rights he was waiving by not going to trial, and affirmed that he was pleading guilty because he had committed the acts summarized above. (Id. at 8-14.) Had he not pled guilty and had been found guilty by a jury, he faced a maximum sentence on each felony count of life imprisonment. (Id. at 16.) And, the prosecutor was prepared to charge him as a persistent offender. (Id. at 13, 16.)

After imposing a sentence consistent with the plea agreement, the trial court again questioned Petitioner about his satisfaction with his counsel's representation. (Id. at 21-27.) Again, Petitioner, under oath, confirmed his satisfaction. (Id. at 22-27.)

Petitioner timely filed a pro se motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035. (Id. at 26-31.) This motion was amended by appointed counsel and was denied without an evidentiary hearing. (Id. at 37-41, 47-56.)

Petitioner appealed on one ground only: his Federal and State Constitutional rights were violated when the trial court accepted his guilty plea without requiring a factual basis for the plea, specifically, without "ascertain[ing] which acts went with which counts of sodomy." (Resp. Ex. B at 8.) The Federal Constitutional rights cited were his Fifth, Eighth, and Fourteenth Amendment rights. (Id.) The appellate court affirmed the denial of his motion, finding, in relevant part, that:

> [Petitioner] indicated that he understood the charges against him and had discussed the charges and the case with his attorney. He stated that the prosecutor's recitation of facts was substantially true and correct, and that he had performed the acts described by the prosecutor. [Petitioner] also stated that he understood all of the questions that the plea court had asked him, that he had no questions, and that he did not know of any reason why the plea court should not accept his pleas of guilty. The state recited facts which would support two separate charges of statutory sodomy/deviate sexual intercourse, namely that [Petitioner] had placed his finger in T.W.'s vagina and that he had placed his penis in her mouth between the dates of April 23, 2001 and June 21, 2001, when T.W. was less than fourteen years old.

(Resp. Ex. D at 5-6.)

In his timely-filed § 2254 petition, Petitioner seeks habeas relief on the grounds that (1) he was denied the effective assistance of counsel when counsel failed to get his bond reduced[3] and (2) he was abandoned by counsel when counsel (a) failed to return his

---

[3]Petitioner argues that his bond was not reduced because he allegedly had called and harassed the victims (presumably the victim named in the indictment and her mother); however, the victims did not

telephone calls or keep him informed of the progress of his case, (b) refused to do what he asked her to do, including not giving him a DNA test, and (c) refused to take his case to trial, telling him the plea offer was the best he would get. (Pet'n at 5-6.)

Respondent argues that Petitioner's grounds are procedurally barred. Specifically, the first ground was not presented to the state courts at all and the second ground, presented in Petitioner's pro se Rule 24.035 motion, was not raised on appeal.

## Discussion

Title 28 U.S.C. § 2254(b)(1)(A) and the Supreme Court bar the granting of habeas corpus relief unless it appears that the state prisoner has exhausted available state court remedies. See **Baldwin v. Reese**, 541 U.S. 27, 27 (2004); **Gray v. Netherland**, 518 U.S. 152, 161 (1996); **Coleman v. Thompson**, 501 U.S. 722, 730 (1991).

> 'Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Darr v. Burford, 339 U.S. 200, 204 (1950)).'

**Id.** at 731 (quoting Rose v. Lundy, 455 U.S. 509, 518 (1982)). See also **Weeks v. Bowersox**, 119 F.3d 1342, 1349-50 (8th Cir. 1997) ("Requiring the exhaustion of state remedies both allows the states to correct any possible constitutional violations without unnecessary

---

have a telephone. (Pet'n at 5.) Had his bond been reduced, his church would have been able to post it.

intrusion by the federal courts and allows the state courts to create a factual record should the matter proceed to federal court.").

"[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him." **Coleman**, 501 U.S. at 732 (alteration added).

In Missouri, a Rule 24.035 motion is the exclusive remedy to challenge a guilty plea on federal constitutional grounds. **Weeks**, 119 F.3d at 1347; **Duvall v. Purkett**, 15 F.3d 745, 746 (8th Cir. 1994). The failure to renew on appeal a claim presented in a post-conviction motion causes a procedural default of the omitted claim. See **Osborne v. Purkett**, 411 F.3d 911, 919 (8th Cir. 2005); **Anderson v. Groose**, 106 F.3d 242, 245 (8th Cir. 1997); **Lowe-Bey v. Groose**, 28 F.3d 816, 818 (8th Cir. 1994).

It is undisputed that Petitioner did not raise his first ground at all in his state post-conviction proceedings and did not raise his second ground on appeal from the denial of his post-conviction motion. Consequently, the merits of the grounds presented in that motion may not be reached "unless [Petitioner] can show cause and prejudice for the default, or actual innocence." **Clemons v. Luebbers**, 381 F.3d 744, 750 (8th Cir. 2004) (alteration added).

"'[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" **Ervin v. Delo**, 194 F.3d 908, 915 (8th Cir. 1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)) (alteration in original). There is no exhaustive catalog of the objective impediments, nor have the precise contours of the cause requirement been clearly defined. **Ivy v. Caspari**, 173 F.3d 1136, 1140 (8th Cir. 1999). "At a minimum, however, [Petitioner] must show that 'something *external* to [him], something that cannot fairly be attributed to him,' caused the procedural default." **Id.** (quoting Coleman, 501 U.S. at 753) (first alteration added; second in original). Petitioner has not alleged that there is any cause for his default.[4] Absent cause for his default, Petitioner's grounds are procedurally barred absent a showing of actual innocence.

As noted above, the merits of a procedurally defaulted claim may be reached if actual innocence is established. See **Cox v. Burger**, 398 F.3d 1025, 1031 (8th Cir. 2005). To do so, a petitioner "must come forward with new reliable evidence that was not available at trial[.]" **Nance v. Norris**, 392 F.3d 284, 291 (8th Cir. 2004) (alteration added). Petitioner has not come forward with, nor alleged, there is any new reliable evidence of his innocence.

For the foregoing reasons, Petitioner's claims are procedurally barred. Accordingly,

---

[4]Petitioner might argue that ineffectiveness of his post-conviction appellate counsel is the cause for the procedural default of his second ground. Such ineffectiveness may not be cause to excuse a procedural default for federal habeas purposes. **Taylor v. Bowersox**, 329 F.3d 963, 971 n.13 (8th Cir. 2003).

**IT IS HEREBY ORDERED** that petitioner Wendell S. Smith's 28 U.S.C. § 2254 petition is **DENIED** without further proceedings.

An appropriate Judgment shall accompany this Memorandum and Order.

        /s/ Thomas C. Mummert, III
        THOMAS C. MUMMERT, III
        UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of February, 2007.